IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LISA M. MORRELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 09-0483-N |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Respondent. | ) |

## ORDER

This matter is before the Court on the petitioner's appeal of an adverse decision by the Commissioner on petitioner's claim for SSI benefits.  The parties have waived oral argument (doc. 17) and the case has been transferred to the undersigned pursuant to the parties' consent to jurisdiction by the undersigned (doc. 18) and order of referral (doc. 20).  The court thus enters the following order on the merits of this matter upon the record presented, including particularly the briefs of the parties (docs. 14 and 15) and the administrative record  (doc. 13).  Upon careful review of the foregoing, the court finds that petitioner's appeal is due to be DENIED and judgment entered in favor of the Commissioner.

### Background

Petitioner filed an application for Supplemental Security Income ("SSI") benefits on February 9, 2006.  After initial denial of her claim, petitioner sought a hearing before an Administrative Law Judge.  The hearing was held on December 13, 2007.  Petitioner was represented by counsel.

The ALJ entered an unfavorable decision on January 24, 2008.  The ALJ determined that

1

petitioner suffered from the following severe impairments: morbid obesity, borderline intellectual functioning, and depressive disorder.  However, the ALJ determined that petitioner had the Residual Functional Capacity ("RFC")

> ...to perform unskilled work at the medium level of exertion, with the following restrictions: no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs; no frequent exposure to dangerous heights or machinery; and occasional overhead reaching.  Further, the undersigned finds that the claimant experiences mild to moderate mental limitations, as she has mild restrictions on her activities of daily living and moderate estimated difficulties in maintaining social functioning.  She has been shown to have moderate deficiencies of concentration, persistence, or pace and one to two episodes of decompensation.  Therefore, the claimant's depression/anxiety has not been documented to persist at greater than a mild to moderate level, and she is clearly capable of performing the simple, repetitive, one and two step tasks required to carry out unskilled work.  She is further restricted to only occasional interaction with the general public and coworkers.

Doc. 13, exhibit 1, at 21.  The ALJ thus found that petitioner was capable of performing her past relevant work as a janitor, and thus was not disabled.

The record before the ALJ included medical records relating to petitioner's complaints of low back pain, including: (1) the record of a 2005 examination by Elizabeth Bataglia, M.D., who found no significant physical problem and assessed no functional limitations, and (2) the record of a Consultive Examination by Stephen West, M.D. on May 16, 2006.  Though petitioner's primary complaint was of a learning disability, Dr. West–a physician with a family medicine practice–performed a physical examination and addressed her complaints of chronic back pain.  Dr. West found that claimant walked with a normal gait, could bend to the ankle level when asked to touch her toes, could do a full squat, and that, other than the morbid obesity, claimant's physical exam was completely normal.  He offered the opinion that there was "no reason why she couldn't do manual labor." Id. at 138.  Though his assessment included chronic

back pain, he assessed no physical limitations.

After the decision, petitioner submitted additional medical evidence concerning her lumbar spine and her knee to the Appeals Council.  Specifically, claimant submitted medical records to the Appeals Council from two providers, showing *some* evidence of orthopedic problems in her lumbar spine and knee.  An x-ray of the lumbar spine taken in January 2008 showed apparently mild osteoarthritis–no functional limitations were assessed.  An x-ray of her knees taken later in the same month showed probable post-traumatic changes to the right knee.  Finally, an MRI of the lumbar spine taken in February 2009 showed mild degenerative disc and facet changes spread fairly evenly throughout the spine.  Again, no functional limitations were assessed.

The Appeals Council received the additional records, but denied petitioner's request for review in light of new medical evidence.[1]  Petitioner appeals, arguing that the Appeals Council erred in finding that the additional records were insufficient to warrant such relief.

## Analysis

The Eleventh Circuit has held that for a case to be remanded for consideration of new evidence, a claimant must establish that (1) new, non-cumulative evidence exists; (2) that the new evidence is material [ie, that a reasonable possibility exists that it would change the administrative result]; and (3) good cause exists for the failure to incorporate the evidence into the record.  *See* Vega v. Comm'r of Soc. Sec., 265 F.3d 1214, 1218-19 (11th Cir. 2001); Falge v.

---

[1] When the Appeals Council affirms the ALJ's decision without a separate written opinion, then the ALJ's decision must be considered as the final decision of the Commissioner. Doughty v. Apfel, 245 F. 3d 1272, 1278 (11th Cir. 2001).

Apfel, 150 F.3d 1320, 1323-24 (11th Cir. 1998).[2]  The Commissioner argues that claimant lacked good cause for her failure to previously submit the additional evidence, and that the additional evidence did not require a reversal or invalidate the ALJ's determination.  This appeal thus seeks a "sentence four remand," which provides for remand when "the Appeals Council did not adequately consider the additional evidence."  Bowen v. Heckler, 748 F.2d 629, 636 (11th Cir.1984).

Pursuant to  Ingram v. Commissioner of Social Security, 496 F.3d 1253, 1262-66 (11th Cir.2007), when new evidence is introduced for the first time to the Appeals Council, a district court will review whether the decision to deny benefits is supported by substantial evidence in the record as a whole, including the new evidence added to the record after the ALJ's decision.

In Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir.1987), the Court granted remand, finding that the supplemental evidence presented to the Appeals Council was material where the new medical reports offered an objective medical explanation for previously unexplained subjective complaints of pain and inability to work and would unquestionably alter the ALJ's adverse credibility determination concerning complaints of pain.  However, the court concluded that there must be some indication that the new evidence is consistent with a condition which was in existence between the date claimant claims to have become disabled and the date of the hearing. Id. at 459, n. 4.

Unlike the decision in Hyde, the ALJ in this case had not made an adverse credibility determination concerning any complaints of pain that would be likely to be altered by the new

---

[2] In Ingram v. Comm'r of Soc. Sec., 496 F.3d 1253, 1264-65 (11th Cir. 2007), the Court rejected dicta in Falge purportedly limiting the reviewability of certain denials of review by the Appeals Council.

4

medical records. *Compare* id. at 459-60 (new evidence showed objective basis for previously unexplained pain, and would alter credibility analysis as well as reliance on the 'grid'.). Further, the additional medical information does not explain her subjective focus on the lumbar spine or arguably show back pain serious enough to be deemed 'severe';[3]–the reports show mild osteoarthritis, spread evenly throughout the spine. There is no significant concentration in the lumbar spine or elsewhere, and there is no indication that the mild condition shown in these records is anything other than what many people experience as they age. No doctor has assessed a functional limitation related to her back pain. With regard to her knee, there is no indication that the condition–evidence of an old injury–caused her significant pain or was capable of causing such pain; this is particularly so given the lack of a complaint of knee pain as a basis for her disability claim.

Assuming, without deciding, that the additional medical records were timely submitted to the Appeals Council, the court finds that the decision of the Appeals Council correctly determined that such records would not have altered the adverse decision entered by the ALJ had they been available at the time of the hearing. The court finds little likelihood of a different result and thus finds that the additional evidence is not material. The court finds that the ALJ's conclusions were supported by substantial evidence.

Accordingly, it is hereby ORDERED that the plaintiff's appeal is DENIED, and that judgment shall issue in favor of the Defendant Commissioner.

---

[3] For purposes of Social Security benefits decisions, an impairment or combination of impairments is 'severe' if it significantly limits an individual's ability to perform basic work activities, and is not deemed severe if it is a slight abnormality that would have n more than a minimal effect on the claimant's ability to work. See 20 C.F.R. 416.921.

DONE this 10th day of March 2010.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE